**Bates v. Nickels**

*Bernard Goldstone,* for plaintiff.

*P. Raymond Bartholomew,* for defendant.

*Cyril I. Garvey,* for additional defendant.

STRANAHAN, P. J., February 20, 1970.—This matter is before this court on a preliminary objection in the nature of a demurrer filed by the additional defendant as a result of his joinder in this case by defendant, Keith Arden Nickels. The facts in this case are that Donald P. Bates, a resident of Ohio, was operating a motor vehicle in which Mary Lou Bates, his wife, was a passenger. She was also a resident of Ohio. An automobile accident occurred between the Bates car and a vehicle driven by Keith A. Nickels, a resident of Pennsylvania. The accident occurred in Ohio.

Suit was commenced in Pennsylvania and defendant is proceeding under Pennsylvania law and joined Donald P. Bates, the husband driver, as additional defendant, in his wife's suit.

The basis of the demurrer is that, since this accident occurred in Ohio, Ohio law is applicable. Under Ohio law, a husband cannot sue his wife, nor can the husband be joined as a defendant in a suit by the wife, since there is no contribution among tortfeasors in Ohio law. In addition to that, the Ohio guest statute provides that a passenger may not recover from the driver unless the injuries suffered by the passenger are the result of willful or wanton misconduct on the

part of the driver. The pleadings in this case do not allege that the husband driver is guilty of willful and wanton misconduct.

For a great many years prior to 1964 the law was well settled in Pennsylvania that the parties were governed by the law of the place of the wrong: Vant v. Gish, 412 Pa. 359. Under this rule, the parties would be governed by the law of Ohio, since the accident occurred in that State.

In 1963, the New York case of Babcock v. Jackson, 12 N.Y. 2d 473, 191 N.E. 2d 279 (1963), was decided and this case started a radical change in the law. In this particular case, the court made an exhaustive examination of the then existing law of New York which was the same as the Pennsylvania law, to the effect that the parties were governed by the law of the place of the wrong, and the court changed the rule. The court stated, at page 483:

"Although the rightness or wrongness of defendant's conduct may depend upon the law of the particular jurisdiction through which the automobile passes, the rights and liabilities of the parties which stem from their guest-host relationship should remain constant and not vary and shift as the automobile proceeds from place to place."

It was the court's opinion that oftentimes accidents occur in remote jurisdictions which actually have no interest in the incident that occurs or the parties that are involved in this incident, and that, therefore, the old rule that law of the place of the wrong governs is actually unjust and impractical. In its stead, the court reasoned that the jurisdiction most intimately concerned with the outcome of the particular litigation should provide the applicable law. The court states, at page 481:

"The merit of such a rule is that 'it gives to the place "having the most interest in the problem"

paramount control over the legal issues arising out of a particular factual context' and thereby allows the forum to apply 'the policy of the jurisdiction "most intimately concerned with the outcome of the particular litigation." ' "

About this time the Restatement 2d, Conflict of Laws, §379(a) set forth the law as follows:

"In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless some other state has a more significant relationship with the occurrence and the parties as to the particular issue involved, in which event the local law of the latter state will govern."

In 1964 the Supreme Court of Pennsylvania in the case Griffith v. United Air Lines, Inc., 416 Pa. 1, adopted the New York rule as set forth in Babcock v. Jackson, supra, and the rule of the Restatement, §379, subsection (a).

The Supreme Court then gave to the trial court the responsibility of determining what State had the more significant relationship with the occurrence and the parties. This delegation of authority had a tendency to unstabilize the law in this area. In addition to that, it of course gave the Pennsylvania courts the opportunity to apply Pennsylvania law to those situations in which the courts felt that Pennsylvania was the State with the most significant relationship with the occurrence and the parties. How the courts determined that significance of relationship is quite interesting. In addition to examining the domicile of the parties and the situs of the accident, some courts inquired into whether the medical aid would be given at the situs of the accident or whether the parties were to receive medical aid at the place of their domicile. The question of where dependents lived in wrongful death and survival cases was considered. Where the

trip started and where it was to end was a factor which was taken into determination. Whether the vehicle was insured in Pennsylvania and whether there was a change in premium where the automobile was moved to another jurisdiction was a factor taken into consideration by at least one court: Grant v. Gibson, 42 D. & C. 2d 346.

Possibly this court should set a hearing date in this matter and permit the parties to come forward with any evidence which they feel would be relevant to a determination of whether Pennsylvania or Ohio had the most significant relationship with the occurrence and the parties, but since neither party has requested that they be permitted to offer testimony, this court must of necessity decide this matter with the evidence before it which consists of the pleadings.

Since Mercer County immediately adjoins Trumbull County, Ohio, which was the situs of the accident, and since this court is aware of the fact that the citizens of this county frequently cross the Ohio line for the purpose of conducting business and seeking entertainment in our neighboring State, this case does not bear a factual similarity to some of the cases where the situs of the accident was Colorado or Alabama or Ontario or other jurisdictions which are remote to the Commonwealth of Pennsylvania.

In examing the contacts that Ohio and Pennsylvania have, it is to be noted that plaintiff, Mary Lou Bates, is a resident of Ohio, the additional defendant is a resident of Ohio and the accident occurred in Ohio. The only contact that Pennsylvania has is that defendant is a resident of Pennsylvania. It is difficult to accuse plaintiff of "jurisdiction hopping," since it is logical that she might choose to travel only a few miles across the State line and file suit in Mercer County.

It is our opinion from the information that we have before us that Ohio has a more significant relationship to the occurrence and the parties in this particular case, and that Ohio law should govern.

In reviewing the cases, there is an observation made in the case of Grant v. Gibson, supra, which is of some interest. The court in that case suggests that, in addition to the test that is now in use, the Court should apply Pennsylvania law because our failure to recognize the guest passenger rule gives us a more enlightened policy than our neighbors to the west. Since we have a more enlightened policy in Pennsylvania than the people have in Ohio, the judge reasons, that that, of itself, should be sufficient to permit the application of the Pennsylvania law.

It would be interesting to know what the people of Ohio think of that theory.

### ORDER

And now, February 20, 1970, the preliminary objection of the additional defendant in the nature of a demurrer is sustained.